UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| EOG Resources, Inc., | ) | |
| | ) | **ORDER DENYING DEFENDANT** |
| Plaintiff, | ) | **BADLANDS POWER FUELS'** |
| | ) | **MOTION TO DISMISS** |
| vs. | ) | |
| | ) | Case No. 4:08-cv-038 |
| Badlands Power Fuels, LLC, | ) | |
| B.O.S. Roustabout & Backhoe Service, Inc., | ) | |
| and Petroleum Experience, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is defendant Badlands Power Fuels' motion to dismiss filed on August 29, 2008. See Docket No. 22. The Plaintiff filed a response in opposition to the motion on October 1, 2008. See Docket No. 30. For the reasons set forth below, the motion is denied.

I.   **BACKGROUND**

EOG Resources, Inc., is the owner and operator of the Zacher Oil Well in Mountrail County, North Dakota. On the evening of May 26, 2007, EOG Resources' contractors, Petroleum Experience, Inc., B.O.S. Roustabout & Backhoe Service, Inc., and Badlands Power Fuels, LLC, were performing a flow back operation on the Zacher Oil Well. During this operation, a fire occurred and injured Badlands Power Fuels employee Ted Seidler and B.O.S. Roustabout employees Tom Grady and Calvin Grady.

Prior to May 26, 2007, EOG Resources had entered into nearly identical Master Service Contracts with Petroleum Experience, B.O.S. Roustabout, and Badlands Power Fuels. The

agreements were in effect at the time of the fire. The agreements contain identical indemnity provisions, which provide as follows:

> 6A. CONTRACTOR AGREES TO PROTECT, DEFEND, INDEMNIFY AND HOLD COMPANY [EOG RESOURCES], ITS PARENT, SUBSIDIARY AND AFFILIATED COMPANIES AND ITS AND THEIR CO-LESSEES, PARTNERS, JOINT VENTURERS, CO-OWNERS, AGENTS, OFFICERS, DIRECTORS AND EMPLOYEES (HEREINAFTER COLLECTIVELY REFERRED TO AS "COMPANY GROUP") HARMLESS FROM AND AGAINST ALL DAMAGE, LOSS, LIABILITY, CLAIMS, DEMANDS AND CAUSES OF ACTION OF EVERY KIND AND CHARACTER, INCLUDING COSTS OF LITIGATION, ATTORNEYS' FEES AND REASONABLE EXPENSES IN CONNECTION THEREWITH, WITHOUT LIMIT AND WITHOUT REGARD TO THE CAUSE OR CAUSES THEREOF, INCLUDING BUT NOT LIMITED TO STRICT LIABILITY OR THE UNSEAWORTHINESS OR UNAIRWORTHINESS OF ANY VESSEL OR CRAFT, OR THE NEGLIGENCE OF ANY PARTY, INCLUDING BUT NOT LIMITED TO THE SOLE OR CONCURRENT NEGLIGENCE OF THE COMPANY GROUP, ARISING IN CONNECTION HEREWITH IN FAVOR OF CONTRACTOR'S AGENTS, INVITEES AND EMPLOYEES, AND CONTRACTOR'S SUBCONTRACTORS AND THEIR AGENTS, INVITEES AND EMPLOYEES ON ACCOUNT OF DAMAGE TO THEIR PROPERTY OR ON ACCOUNT OF BODILY INJURY OR DEATH.
>
> 6B. COMPANY [EOG RESOURCES] AGREES TO PROTECT, DEFEND, INDEMNIFY AND HOLD CONTRACTOR, ITS AGENTS, OFFICERS, DIRECTORS AND EMPLOYEES (HEREINAFTER COLLECTIVELY REFERRED TO AS "CONTRACTOR GROUP") HARMLESS FROM AND AGAINST ALL DAMAGE, LOSS, LIABILITY, CLAIMS, DEMANDS AND CAUSES OF ACTION OF EVERY KIND AND CHARACTER, INCLUDING COSTS OF LITIGATION, ATTORNEYS' FEES AND REASONABLE EXPENSES IN CONNECTION THEREWITH, WITHOUT LIMIT AND WITHOUT REGARD TO THE CAUSE OR CAUSES THEREOF, INCLUDING BUT NOT LIMITED TO STRICT LIABILITY OR THE UNSEAWORTHINESS OR UNAIRWORTHINESS OF ANY VESSEL OR CRAFT, OR THE NEGLIGENCE OF ANY PARTY, INCLUDING BUT NOT LIMITED TO THE SOLE OR CONCURRENT NEGLIGENCE OF THE CONTRACTOR GROUP, ARISING IN CONNECTION HEREWITH IN FAVOR OF COMPANY'S [EOG RESOURCES'] AGENTS, INVITEES AND EMPLOYEES, COMPANY'S [EOG RESOURCES'] CONTRACTORS (OTHER THAN CONTRACTOR) AND THEIR AGENTS, INVITEES AND EMPLOYEES, AND SUCH CONTRACTORS' SUBCONTRACTORS, OR THEIR AGENTS, INVITEES OR EMPLOYEES ON ACCOUNT OF DAMAGE TO THEIR PROPERTY OR ON ACCOUNT OF BODILY INJURY OR DEATH.

. . .

> 6E.  The terms and provisions of this Paragraph 6 shall have no application to claims or causes of action asserted against Company [EOG Resources] or Contractor by reason of any agreement of indemnity with a person or entity not a party to this Agreement in those instances where such contractual indemnities are not related to or ancillary to the performance of the work contemplated under the Agreement or are indemnities uncommon to the industry.  The terms and provisions of this Paragraph 6 shall expressly apply to claims or causes of action asserted against Company [EOG Resources] or Contractor by reason of any agreement of indemnity with a person or entity not a party to this Contract where such contractual indemnities are related to or ancillary to the performance of the work contemplated under the Agreement and or Company's [EOG Resources'] project and are indemnities not uncommon in the industry.

See Docket Nos. 20-2, 20-3, 20-4.

In these agreements, "Company" refers to EOG Resources and "Contractor" refers to Petroleum Experience, B.O.S. Roustabout, or Badlands Power Fuels, respectively.  Pursuant to paragraphs 6A and 6B, the contractor essentially agrees to indemnify and defend EOG Resources from and against all damages and claims for injuries sustained by the contractor's employees, subcontractors, or invitees and, similarly, EOG Resources agrees to indemnify and defend the contractor from and against all damages and claims for injuries sustained by EOG Resources' employees, contractors, contractors' subcontractors, or invitees.  The cross-indemnification provisions found in each of the Master Service Contracts are the subject of several pending motions before the Court.

Badlands Power Fuels' employee Ted Seidler filed a separate action against Petroleum Experience, EOG Resources, and B.O.S. Roustabout in state court in the District Court of Mountrail County.  Tom Grady and Calvin Grady have each filed separate actions in state court against Petroleum Experience, Badlands Power Fuels, and EOG Resources.  Petroleum Experience has

tendered its defense to, and requested indemnification from, EOG Resources pursuant to paragraph 6B of the Master Service Contract for the claims that Badlands Power Fuels employee Ted Seidler and B.O.S. Roustabout employees Tom Grady and Calvin Grady have filed against it. B.O.S. Roustabout has tendered its defense to, and requested indemnification from, EOG Resources pursuant to paragraph 6B of the Master Service Contract for the claims that Badlands Power Fuels employee Ted Seidler has filed against it.

EOG Resources has tendered its defense to, and requested indemnification from, Badlands Power Fuels pursuant to paragraph 6A of the Master Service Contract for the claims that Ted Seidler has made directly against it. EOG Resources has also tendered the defense of, and requested indemnification for, the claims that Petroleum Experience and B.O.S. Roustabout have made against EOG Resources for the claims asserted by Ted Seidler against them in the state court action.

EOG Resources has also tendered its defense to, and requested indemnification from, B.O.S. Roustabout pursuant to paragraph 6A of the Master Service Contract for the claims that Tom Grady and Calvin Grady have made against EOG Resources. EOG Resources has tendered the defense of, and requested indemnification for, the claims that Petroleum Experience has alleged against EOG Resources arising out of the claims that Tom Grady and Calvin Grady have made directly against Petroleum Experience.

EOG Resources has filed this action in federal district court for a declaratory judgment, seeking a declaration of the rights and responsibilities of the parties under the multitude of Master Service Contracts. See Docket Nos. 1 and 20. EOG Resources contends that the Court has diversity jurisdiction of the action under 28 U.S.C. § 1332 because the amount in controversy is more than

$75,000 and there is complete diversity among EOG Resources and the Defendants. The parties agree that EOG Resources is a Delaware corporation with its principal place of business in Texas; defendant Badlands Power Fuels is a North Dakota limited liability company with its principal place of business in North Dakota; defendant Petroleum Experience is a North Dakota corporation with its principal place of business in North Dakota; and defendant B.O.S. Roustabout is a North Dakota corporation with its principal place of business in North Dakota. Badlands Power Fuels moves to dismiss the action on the ground that the Court lacks subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II.     STANDARD OF REVIEW

It is well-established that "a district court 'has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1).'" Harris v. P.A.M. Transp. Services, Inc., 339 F.3d 635, 637 n.4 (8th Cir. 2003) (quoting Osborn v. United States, 918 F.2d 724, 728 n.4 (8th Cir. 1990) (citing Land v. Dollar, 330 U.S. 731, 735 n.4 (1947))). A district court must accept the allegations contained in the complaint as true, and must draw all reasonable inferences from the complaint in favor of the nonmoving party. Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004). "[D]ismissal is inappropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" McCormack v. Citibank, N.A., 979 F.2d 643, 646 (8th Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "A motion to dismiss should be granted 'as a practical matter . . . only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief.'" Strand v. Diversified Collection

Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004) (quoting Frey v. Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)).

### III.   LEGAL DISCUSSION

Badlands Power Fuels seeks to destroy jurisdiction by attempting to realign the parties. Badlands Power Fuels contends that the ultimate interests of Petroleum Experience are closely aligned with EOG Resources because both EOG Resources and Petroleum Experience assert that the Master Service Contracts entered into by the parties require Badlands Power Fuels and B.O.S. Roustabout to defend and indemnify them for the claims that Ted Seidler, Tom Grady, and Calvin Grady have filed in state court.  Badlands Power Fuels states, "Based on the initial pleadings, what EOG wants, Petroleum Experience wants, and Badlands and BOS do not want."  See Docket No. 23.

As previously noted, the parties agree that EOG Resources is a Delaware corporation with its principal place of business in Texas; defendant Badlands Power Fuels is a North Dakota limited liability company with its principal place of business in North Dakota; defendant Petroleum Experience is a North Dakota corporation with its principal place of business in North Dakota; and defendant B.O.S. Roustabout is a North Dakota corporation with its principal place of business in North Dakota.  If Petroleum Experience were aligned as a party plaintiff, diversity jurisdiction would be defeated.

Federal district courts have original jurisdiction over all civil actions where there is complete diversity of citizenship and where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(1).  A corporation may be a citizen of two states: (1) the state in which it is

incorporated, and (2) the state in which it maintains its principal place of business. Capitol Indemnity Corp. v. Russelville Steel Co., Inc., 367 F.3d 831, 835 (8th Cir. 2004). "Complete diversity of citizenship exists where no defendants hold citizenship in a state where any plaintiff holds citizenship." Id. "To sustain diversity jurisdiction there must exist an 'actual,' 'substantial,' controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." City of Indianapolis v. Chase Nat'l Bank of City of New York, 314 U.S. 63, 69 (1941). When there is no controversy between the purported plaintiff and defendant, realignment is proper. See Dryden v. Dryden, 265 F.2d 870, 874 (8th Cir. 1959).

In determining whether parties should be realigned, the United States Supreme Court has stated, "Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who [are] defendants. It is our duty, as it is that of the lower federal courts, to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.'" City of Indianapolis, 314 U.S. at 69.

In City of Indianapolis, a New York bank was the trustee under a mortgage deed to secure bonds issued by a gas company. The bank filed suit in federal district court against the gas company and the City of Indianapolis, seeking a declaration that a lease was valid and binding on the gas company and the City of Indianapolis, and a judgment for overdue interest on the bonds. Only one issue remained in litigation, namely, whether the lease was valid and binding on the City of Indianapolis. Both the bank and the gas company asserted that the lease was valid and, therefore, they were "partners in litigation." Id. at 75. The Supreme Court specifically found that both the bank and the gas company desired the same outcome in litigation, for the lease to be upheld:

7

> The property covered by the lease is now in the City's possession; [the bank] is simply acting to protect the bondholders' security. As to [the gas company], if the lease is upheld, it will continue to receive a six per cent return on its capital, and the burden of paying the interest on its bonded indebtedness will be not upon it but upon the City. What [the bank] wants [the gas company] wants and the City does not want. Yet the City and [the gas company] were made to have a common interest against [the bank] when, as a matter of fact, the interests of the City and of [the gas company] are opposed to one another. Therefore, if regard be had to the requirements of jurisdictional integrity, [the gas company] and [the bank] are on the same side of the controversy not only for their own purposes but also for purposes of diversity jurisdiction. But such realignment places Indiana 'citizens' on both sides of the litigation and precludes assumption of jurisdiction based upon diversity of citizenship. We are thus compelled to the conclusion that the District Court was without jurisdiction.

Id. at 74-75. As a result, the Supreme Court realigned the gas company as a party plaintiff and the case was dismissed for lack of diversity jurisdiction.

EOG Resources and Petroleum Experience ultimately want to be indemnified for the claims that Ted Seidler, Tom Grady, and Calvin Grady have made against them. However, Petroleum Experience also seeks indemnification from EOG Resources regardless of whether the indemnity provisions at issue are enforceable as to Badlands Power Fuels and B.O.S. Roustabout.

In its answer to EOG Resources' complaint, Petroleum Experience asserts that "regardless of any decision made in this case, the defense and indemnification obligations between Petroleum Experience and EOG are effective and controlling, regardless of any Court decision relating to Badlands and BOS." See Docket No. 11. In support of this assertion, Petroleum Experience relies on paragraph 6B of the Master Service Contract which provides that EOG Resources will indemnify Petroleum Experience "from and against all damage, loss, liability, claims, demands and causes of action of every kind and character" arising in favor of EOG Resources' contractors. See Docket No. 20-4. Therefore, unlike in City of Indianapolis, what EOG Resources wants is not necessarily what Petroleum Experience wants.

The pleadings reveal that an actual controversy exists between EOG Resources and Petroleum Experience.  See Docket Nos. 1 and 11.  It is clear and undisputed that EOG Resources is seeking a declaration that Petroleum Experience opposes and, similarly, Petroleum Experience is seeking relief in the form of full indemnification without conditions from EOG Resources that EOG Resources opposes.  These two entities are neither joined at the hip nor closely aligned at this stage of the litigation.  Accordingly, EOG Resources and Petroleum Experience are not "partners in litigation," and an actual controversy exists which does not warrant a realignment of the parties.

### IV.	CONCLUSION

The Court finds that the requirements for diversity jurisdiction under 28 U.S.C. § 1332 have been met.  The evidence establishes that there is an actual, substantial controversy among EOG Resources and the Defendants.  Accordingly, the Court declines to realign Petroleum Experience as a party plaintiff.  For the reasons set forth above, Badlands Power Fuels' motion to dismiss (Docket No. 22) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 18th day of February, 2009.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court