IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| EOG Resources, Inc., | ) | |
| | ) | **ORDER GRANTING BADLANDS** |
| Plaintiff, | ) | **POWER FUELS'S MOTION TO** |
| | ) | **VACATE AND DENYING AS MOOT** |
| vs. | ) | **EOG'S MOTION TO ALTER** |
| | ) | **OR AMEND JUDGMENT** |
| | ) | |
| Badlands Power Fuels, LLC, | ) | |
| B.O.S. Roustabout & Backhoe Service, Inc., | ) | |
| and Petroleum Experience, Inc., | ) | Case No. 4:08-cv-038 |
| | ) | |
| Defendants. | ) | |

On March 31, 2008, the plaintiff, EOG Resources, Inc., filed a complaint in which it seeks a declaration of the rights and responsibilities of the parties under master service contracts that it entered into with the Defendants. The action resulted after a fire occurred at the Zacher Oil Well in Mountrail County, North Dakota on May 26, 2007, and employees of Defendant Badlands Power Fuels, LLC and Defendant B.O.S. Roustabout & Backhoe Service, Inc. were injured.

On June 5, 2009 and June 9, 2009, the Court issued orders denying B.O.S. Roustabout's motion for partial summary judgment (Docket No. 25) and granting EOG's motions for summary judgment (Docket Nos. 32 and 46). See Docket Nos. 56, 57, and 58. On June 10, 2009, judgment was entered accordingly. See Docket No. 59. On June 11, 2009, Badlands Power Fuels filed a "Motion for Relief from Judgment and Motion to Vacate Judgment" pursuant to Rule 60 of the Federal Rules of Civil Procedure. See Docket No. 60. Badlands Power Fuels states,

> In an Order approving a Scheduling/Discovery Plan, dated June 16, 2008, a deadline of June 19, 2009, was approved for submission of dispositive motions. Defendant Badlands Power Fuels, LLC, ("Badlands") had not yet submitted a motion for summary judgment but had planned to do so by the deadline. Badlands had joined in the arguments proffered by BOS Roustabout and responded to EOG's motions for summary judgment. However, Badlands had not yet responded with its own motion for summary judgment.

On June 9, 2009, this Court entered Orders relating to a Motion for Summary Judgment filed by EOG Resources, Inc. ("EOG"). On June 10, 2009, a Judgment was entered consistent with the Orders granting summary judgment in this case.

> Badlands respectfully requests relief from the Judgment as provided in Rule 60, F. R. Civ. P., and further requests this Court vacate the Judgment, dated June 10, 2009, and allow consideration of Badlands' Motion for Summary Judgment.

See Docket No. 61. On June 22, 2009, EOG moved for the judgment to be altered or amended to include specific language as to the rights and obligations of the parties. See Docket No. 65.

A party may seek relief from a judgment or order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "The rule 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" Jones v. Swanson, 512 F.3d 1045, 1048 (8th Cir. 2008) (quoting United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986)). A district court has broad discretion in determining whether to award relief under Rule 60(b). See Middleton v. McDonald, 388 F.3d 614, 616 (8th Cir. 2004).

Badlands Power Fuels moved for Rule 60 relief on June 11, 2009, just one day after judgment was entered in the case.  See Docket Nos. 59 and 60.  Badlands Power Fuels requests that the Court vacate the judgment and consider its motion for summary judgment.  In the motion for summary judgment, Badlands Power Fuels discloses evidence that had not been previously disclosed in the pleadings or in any of the parties' motions or briefs, namely that several weeks prior to the occurrence of the fire at the Zacher Oil Well, a fire occurred on May 2, 2007, at an EOG well in Morton County, Texas under similar circumstances.  As a result, Badlands Power Fuels alleges that the injuries at the Zacher Oil Well constituted "willful injury" and, therefore, any indemnity provisions entered into by the parties are unenforceable pursuant to N.D.C.C. § 9-08-02.

The Court finds that the determination of whether EOG's conduct resulted in a "willful injury" is central to the determination of the rights and responsibilities of the parties under the master service contracts.  The Court finds, in its discretion, that Badlands Power Fuels has demonstrated that it is entitled to relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.  Badlands Power Fuels's Motion to Vacate (Docket No. 60) is **GRANTED**.  The Court **ORDERS** that the judgment in favor of EOG entered on June 10, 2009 (Docket No. 59) be **VACATED**.  The Court **DENIES AS MOOT** EOG's "Motion to Alter or Amend the Judgment" (Docket No. 65).  EOG may renew its request after a ruling is made on Badlands Power Fuels's motion for summary judgment.

**IT IS SO ORDERED**.

Dated this 9th day of November, 2009.

> */s/  Daniel L. Hovland*
> Daniel L. Hovland, District Judge
> United States District Court